UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY FRANKLIN,<br><br>Plaintiff,<br><br>v.<br><br>OCWEN LOAN SERVICING, LLC,<br><br>Defendant. | Case No. 17-cv-02702-JST<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS AND DENYING MOTION TO STAY**<br><br>Re: ECF Nos. 19, 32 |

Before the Court are Defendant's motions to dismiss Plaintiff's amended complaint and to stay proceedings. ECF Nos. 19, 32. The Court will grant the motion to dismiss only as to Plaintiff's negligence claim and deny the motion to stay in its entirety.

## I. BACKGROUND

In his first amended complaint ("FAC"), Plaintiff Gregory Franklin asserts that Defendant Ocwen Loan Servicing, LLC, violated the Telephone Consumer Protection Act ("TCPA") by calling his cellular telephone using an automatic telephone dialing system ("ATDS") without his consent.[1] ECF No. 23 ¶¶ 19-33. Between November 9, 2011, and December 16, 2015, Ocwen called Franklin at least 1,403 times on his cellular telephone number via an ATDS to attempt to collect debt that Franklin allegedly owed "related [to] a mortgage" on his primary residence. Id. ¶¶ 18-29. When Franklin answered these calls, he was greeted by a short silence followed by an Ocwen representative speaking or a recorded voice message. Id. ¶¶ 21-22. Franklin (1) did not provide express consent for these calls and (2) revoked any prior consent he did provide by stating that he "no longer wished to be contacted by phone." Id. ¶¶ 25-26. Ocwen's calls continued after Franklin stated that he no longer wished to be contacted over the phone. Id. ¶ 30. Franklin alleges

---

[1] For the purpose of deciding this motion, the Court accepts as true the FAC's allegations. See Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001).

that Ocwen either knowingly or negligently violated the TCPA. Id. ¶¶ 48-53. He also alleges a negligence cause of action. Id. ¶¶ 54-59. He seeks statutory and punitive damages, as well as injunctive relief. Id. at 9-10.

Ocwen moves to dismiss the FAC under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). ECF No. 32. It also seeks to stay these proceedings pending a ruling by the United States Court of Appeals for the D.C. Circuit. ECF No. 19.[2]

## II. JURISDICTION

This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1367.

## III. MOTION TO DISMISS

### A. Legal Standards

#### 1. Rule 12(b)(1)

If a plaintiff lacks Article III standing to bring a suit, the federal court lacks subject matter jurisdiction and the suit must be dismissed under Rule 12(b)(1). Cetacean Cmty. v. Bush, 386 F.3d 1169, 1174 (9th Cir. 2004). "A Rule 12(b)(1) jurisdictional attack may be facial or factual. In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction. By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004) (citation omitted). Where, as here, the defendant makes a facial attack, the court assumes that the complaint's allegations are true and draws all reasonable inferences in the plaintiff's favor. Wolfe v. Strankman, 392 F.3d 358, 362 (9th Cir. 2004) (citations omitted).

#### 2. Rule 12(b)(6)

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." While a complaint need not contain detailed factual allegations, facts pleaded by a plaintiff must be "enough to raise a right to

---

[2] Ocwen appears to have copied this motion from another case. The motion repeatedly refers to "Plaintiff Mark Bosia," "Bosia," and "Bosia's claims," ECF No. 19 at 7-13, 15, but this case does not have a plaintiff by that name.

2

relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain sufficient factual matter that, when accepted as true, states a claim that is plausible on its face. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. While this standard is not a probability requirement, "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Id. (internal quotation marks and citation omitted). In determining whether a plaintiff has met this plausibility standard, the Court must "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable" to the plaintiff. Knievel v. ESPN, 393 F.3d 1068, 1072 (9th Cir. 2005).

**B. Discussion**

**1. Article III Standing**

To establish Article III standing, plaintiffs must satisfy three elements: (1) "injury in fact – an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical"; (2) causation – "there must be a causal connection between the injury and the conduct complained of – the injury has to be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court"; and (3) redressability – "it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992) (internal quotation marks, alterations, and citations omitted).

Relying on Spokeo, Inc. v. Robins, 136 S. Ct. 1540 (2016), Ocwen argues that Franklin has not suffered a concrete injury in fact because he alleges only a procedural statutory violation. ECF No. 32 at 15. However, earlier this year, the Ninth Circuit held that "'both history and the judgment of Congress play important roles' in supporting our conclusion that a violation of the TCPA is a concrete, *de facto* injury." Van Patten v. Vertical Fitness Grp., LLC, 847 F.3d 1037, 1042-43 (9th Cir. 2017) (quoting Spokeo, 136 S. Ct. at 1549). Thus, plaintiffs who allege the receipt of an unwanted telephone call or text message in violation of the TCPA has Article III

3

standing, and they "need not allege any *additional* harm beyond the one Congress has identified" in passing the TCPA.[3] Id. at 1043 (quoting Spokeo, 136 S. Ct. at 1549 (emphasis in original)). Ocwen attempts to distinguish Van Patten by arguing that it did not make any "unsolicited" calls, ECF No. 42 at 9, but the Court must take as true Franklin's allegations that he did not consent to the calls, ECF No. 23 ¶¶ 25-26. Franklin therefore has standing under Van Patten.

The Court denies Ocwen's motion to dismiss Franklin's complaint for lack of standing.

### 2. Negligence

Ocwen also argues that Franklin's state law negligence claim fails "because the TCPA does not provide a duty of care sufficient for a negligence cause of action." ECF No. 32 at 11. "Absent a duty, there can be no negligence." Justo v. Indymac Bancorp, No. SACV 09-1116 JVS (AGRx), 2010 WL 623715, at *9 (C.D. Cal. Feb. 19, 2010); see also Century Surety Co. v. Crosby Ins., Inc., 124 Cal. App. 4th 116, 127 (2004) (listing "a legal duty of care toward the plaintiff" as an element of a negligence cause of action). Thus, a complaint is "fatally defective" if it lacks allegations of fact sufficient to show the defendant owed the plaintiff a legal duty of care. McAllister v. Patterson Cos., No. CV 10-5413 RSWL (MANx), 2012 WL 1688726, at *3 (C.D. Cal. May 15, 2012) (internal quotation marks and citation omitted).

The Court agrees with Ocwen that Franklin has failed to allege a legal duty of care.[4] Under California law, "a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money." Nymark v. Heart Fed. Sav. & Loan Ass'n, 231 Cal. App. 3d 1089, 1096 (1991). "[L]iability to a borrower for negligence arises only when the lender actively participates in the financed enterprise beyond the domain of the usual money lender." Id. (internal

---

[3] In three prior decisions that Ocwen fails to cite, much less attempt to distinguish, this Court similarly found standing based on alleged violations of the TCPA. Duguid v. Facebook, Inc., No. 15-cv-00985-JST, 2017 WL 635117, at *3 (N.D. Cal. Feb. 16, 2017) (relying on Van Patten); Cabiness v. Educ. Fin. Sols., LLC, No. 16-cv-01109-JST, 2016 WL 5791411, at *5 (N.D. Cal. Sept. 1, 2016); Lathrop v. Uber Techs., Inc., No. 14-cv-05678-JST, 2016 WL 97511, at *4 (N.D. Cal. Jan. 8, 2016).

[4] The Court therefore does not reach Ocwen's arguments that Franklin's negligence claim is barred by the statute of limitations.

4

quotations and citations omitted). A plaintiff who "does not allege any facts to show that Defendant's involvement with the loan . . . or their efforts to collect on the debt exceeded the convention[al] role of a money lender" fails to state a negligence claim, even though the plaintiff might sufficiently allege a TCPA violation. Sepehry-Fard v. MB Financial Services, No. C 13-02784 JSW, 2014 WL 122436, at *2 (N.D. Cal. Jan. 13, 2014) (dismissing negligence claim without leave to amend but granting leave to amend TCPA claim); see also Inzerillo v. Green Tree Servicing LLC, No. 13-cv-06010-MEJ, 2014 WL 1347175, at *1, *6 (N.D. Cal. Apr. 3, 2014) (dismissing negligence claim with prejudice where allegations of "repeated calls to Plaintiffs, at least 6 times a day and at all hours, for non-payment" of a debt "show only that Defendant acted as a loan servicer seeking to collect on a debt," not that the defendant violated a legal duty of care). Franklin has failed to allege any facts giving rise to a duty of care, and Ocwen's motion to dismiss Franklin's negligence claim is therefore granted.

The Court denies leave to amend because "the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986). "Plaintiff's recourse for violations of the TCPA is the statutory remedies themselves." Sailola v. Municipal Servs. Bureau, No. 13-00544 HG-RLP, 2014 WL 3389395, at *9 (D. Haw. 2014).

### 3. Punitive Damages

Finally, Ocwen claims that Franklin fails to plead the "oppression, fraud, or malice" required to support an award of punitive damages. ECF No. 32 at 13; Cal. Civ. Code § 3294. "Something more than the mere commission of a tort is always required for punitive damages. There must be circumstances of aggravation or outrage, such as spite or malice, or a fraudulent or evil motive on the part of the defendant, or such a conscious and deliberate disregard of the interests of others that his conduct may be called wilful or wanton." Taylor v. Superior Court, 24 Cal. 3d 890, 894-895 (1979) (internal quotation marks, alterations, and citation omitted).

"[C]ourts have found that voluminous and harassing debt collection communications can constitute oppression, malice, or fraud within the meaning of California Civil Code § 3294." Fausto v. Credigy Servs. Corp., 598 F. Supp. 2d 1049, 1050, 1056-57 (N.D. Cal. 2009) (denying

5

summary judgment on punitive damages where "Defendants do not contest that at least ninety phone calls were placed to Plaintiffs' residence" over a fifteen-month period and the plaintiffs had "evidence of the threatening nature of those calls"); see also Sanchez v. Client Servs., Inc., 520 F. Supp. 2d 1149, 1152, 1164-65 (N.D. Cal. 2007) (same, where defendants called dozens of times in pursuit of an alleged debt, including "alleged threats to take plaintiffs to court"). Franklin alleges far more than the number of calls at issue in either Fausto or Sanchez. He alleges that Ocwen made over 1,403 calls from November 9, 2011, until December 16, 2015, including twelve calls within a three-day period from July 28, 2015, through July 31, 2015. ECF No. 23 ¶¶ 19-24. He alleges that each of these calls was made either without his consent or after he revoked his consent. Id. ¶¶ 25-26. This is more than sufficient to allege punitive damages. Whether Ocwen's conduct amounts to oppression, fraud, or malice is a question "appropriately reserved for the ultimate trier of fact." Fausto, 598 F. Supp. 2d at 1057. Ocwen's motion to dismiss Franklin's prayer for punitive damages is denied.

## IV. MOTION TO STAY

### A. Legal Standard

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. N. Am. Co., 299 U.S. 248, 254 (1936). In deciding whether to stay proceedings pending resolution of another action, a district court must weigh several factors, including (1) the possible damage that may result from granting a stay, (2) the hardship a party may suffer if the case is allowed to go forward, and (3) "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." Lockyer v. Mirant Corp., 398 F.3d 1098, 1110 (9th Cir. 2005) (quoting CMAX, Inc. v. Hall, 300 F.2d 265, 268 (9th Cir.1962)). The moving party bears the burden of showing that a stay is appropriate. Clinton v. Jones, 520 U.S. 681, 708 (1997).

### B. Discussion

Ocwen moves to stay this case pending the D.C. Circuit's decision in ACA International v. Federal Communications Commission, No. 15-1211 (D.C. Cir. 2015). The ACA International

appeal, as relevant here, asks the D.C. Circuit to resolve the statutory definition of an ATDS and the proper standard for revocation of consent. ECF No. 19 at 9-11.

Defendants in several other TCPA cases before this Court have previously requested stays pending resolution of ACA International. In each case, the Court has denied the request. Glick v. Performant Fin. Corp., No. 16-cv-05461-JST, 2017 WL 786293, at *2 (N.D. Cal. Feb. 27, 2017); Cabiness, 2017 WL 167678, at *4; Lathrop, 2016 WL 97511, at *4; Kafatos v. Uber Techs., Inc., No. 15-cv-03727-JST, 2016 WL 97489, at *2 (N.D. Cal. Jan. 8, 2016). The Court need not set forth at length its reasoning from these prior cases, which Ocwen does not cite, discuss, or attempt to distinguish.

The passage of time has made even less persuasive the argument that a final ruling in ACA International, which was argued more than a year ago, is "imminent." ECF No. 19 at 9. Additionally, Ocwen's assertion that ACA International will entirely moot Franklin's claims and preclude the need for discovery continues to be speculative: Ocwen will still be required to produce discovery to settle the factual disputes regarding its autodialing technology and Franklin's alleged revocation of consent no matter the outcome of ACA International. See Lathrop, 2016 WL 97511, at *4 ("[A]lthough the decision in ACA International may vacate portions of the 2015 FCC Order, discovery in this case will be required regardless of the outcome in that one."). Finally, it is unlikely that the D.C. Circuit's initial order in ACA International will be the last step in that case. A petition for rehearing, a petition for a writ of certiorari, or both seem likely.

Ocwen's arguments in support of a stay are unpersuasive. The motion to stay is denied.

## CONCLUSION

The Court grants Ocwen's motion to dismiss Franklin's negligence claim without leave to amend, but denies the motion to dismiss in all other respects. The Court denies Ocwen's motion to stay.

**IT IS SO ORDERED.**

Dated: October 31, 2017

                                         _____
                                         JON S. TIGAR
                                         United States District Judge

7